# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SHAWANDA RENEE OBEY, M.D. | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-656 |
| | § | Judge Mazzant |
| FRISCO MEDICAL CENTER, L.L.P. d/b/a | § | |
| BAYLOR MEDICAL CENTER AT FRISCO, | § | |
| WILLIAM KEATON, Individually and as CEO | § | |
| Of Baylor Medical Center at Frisco, DR. | § | |
| JAMES LAFERNEY, Individually and as Vice | § | |
| President of Baylor Medical Center at Frisco, | § | |
| DR. DALE BURLESON, Individually and as | § | |
| Representative of Baylor Medical Center at | § | |
| Frisco Medical Executive Committee, DR. | § | |
| KEITH MATHENY, Individually and as | § | |
| Representative of Baylor Medical Center at | § | |
| Frisco, KAREN MURCHISON, Individually | § | |
| And as Representative of Baylor Medical | § | |
| Center at Frisco, and COLLEEN | § | |
| WOOLDRIDGE, Individually | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Colleen Wooldridge, CRNA's Motion for Summary Judgment (Dkt. #61). After considering the motion, the responses, and the relevant pleadings, the Court finds the motion should be granted.

### BACKGROUND

In her Second Amended Complaint, Plaintiff Shawanda Renee Obey, M.D. ("Dr. Obey") alleges a claim of defamation against Defendant Colleen Wooldridge, CRNA ("Wooldridge") (Dkt. #35). Plaintiff asserts that on March 16, 2013, one of her patients, Shana Hallmark ("Hallmark"), was a patient at Frisco Medical Center, L.L.P. d/b/a Baylor Medical Center at Frisco ("Frisco Medical") and was admitted for the birth of her son (Dkt. #77, Ex. 4 at 1). At that time, Plaintiff contends that Wooldridge told Hallmark that her baby "would be born 'sloppy

1

and floppy' and that he would have extreme withdrawals and would be in a tremendous amount of pain." *Id*. Wooldridge allegedly told Hallmark this information after Wooldridge learned that Hallmark was prescribed hydrocodone during her pregnancy by Dr. Obey. *Id*.

On October 20, 2014, Wooldridge filed her motion for summary judgment (Dkt. #61). On November 25, 2014, Plaintiff filed her response (Dkt. #77). On December 11, 2014, Wooldridge filed her reply (Dkt. #81). On December 15, 2014, Wooldridge filed her amended objections to Plaintiff's evidence supporting her response (Dkt. #86).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.
The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th

Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence but must refrain from making any credibility determinations or from weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

"A statement is 'defamatory' if it 'tends to injure a living person's reputation' and results in financial injury to that person." *Young v. Krantz*, 434 S.W.3d 335, 343 (Tex. App – Dallas 2014, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 73.001). To maintain a cause of action for defamation, a plaintiff must establish that a defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with negligence, if the plaintiff was a private individual, regarding the statement. *WFAA-TV v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998); *Young*, 434 S.W.3d at 343.

Wooldridge contends that Dr. Obey failed to present any evidence that (1) Wooldridge made the alleged statements; (2) that the statements were false; (3) that the statements were defamatory as to Dr. Obey; and (4) that Dr. Obey suffered any damages as a result of the alleged statements. In support of her claims, Dr. Obey offers a letter purportedly written by Hallmark, the patient to whom Wooldridge allegedly made the defamatory statements (Dkt. #77, Ex. 4). Wooldridge objects to the admissibility of this evidence, and requests that the letter be stricken from the summary judgment record (Dkt. #86).

Wooldridge first objects to the entirety of the letter attached to Plaintiff's response as Exhibit 4. This letter is purportedly written by Hallmark, addressed to "To Whom It May Concern" at Frisco Medical, and dated March 18, 2013 (Dkt. #77, Ex. 4). Wooldridge objects to the letter as inadmissible hearsay under Federal Rules of Evidence 801 and 802, and objects to a lack of foundation for this document under Federal Rules of Evidence 602 and 701.

"Hearsay" is a statement that "the declarant does not make while testifying at the current trial or hearing," and is offered in evidence "to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c). A "statement" includes a person's written assertion, if the person intended it as an assertion. FED. R. EVID. 801(a). The Court finds that Hallmark's letter is hearsay, as it is a written assertion, which Hallmark intended as an assertion, that was not made while testifying at the current trial or hearing, and is offered to prove the truth of the matter asserted (that the alleged defamatory statements were made and the content of those statements). Plaintiff does not respond to Wooldridge's evidentiary objections; however, the Court will consider whether the statement falls under any exception to the hearsay rule. *See* FED. R. EVID. 803. Rule 803(1) provides that hearsay statements "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately

4

thereafter" should be admissible. FED. R. EVID. 803(1). "The justification for this hearsay exception relies on the contemporaneousness of the event under consideration and the statement describing that event. Because the two occur almost simultaneously, there is almost no 'likelihood of [a] deliberate or conscious misrepresentation.'" *Rock v. Huffco Gas & Oil Co.*, Inc., 922 F.2d 272, 280 (5th Cir. 1991). The alleged defamatory statements were made to Hallmark on March 16, 2013, and the letter is dated March 18, 2013. Two days passed between the time the statements were made and the letter was written, which would allow time to "consciously manipulate the truth." *See id*. (finding a two day period between the event and the writing to be too long to fit the present sense impression exception to the hearsay rule). The Court finds the present sense impression exception to the hearsay rule does not allow this evidence to be admissible. Rule 803(4) provides that hearsay statements that are "made for— and [are] reasonably pertinent to – medical diagnosis or treatment" and "describes medical history; past or present symptoms or sensations; their inception; or their general cause" should be admissible. FED. R. EVID. 803(4). The hearsay statements at issue here do not meet this exception either. While the statements were made in a hospital in a medical environment, the statements made by both Hallmark and Wooldridge were not made for the purpose of medical diagnosis or treatment, do not describe past or present symptoms or sensations, their inception or their general cause. There are no other exceptions to the hearsay rule that would reasonably apply to the hearsay statements made here, and the Court finds that the letter written by Hallmark consists of inadmissible hearsay.

Wooldridge also objects to the letter on the basis of improper foundation and that the letter is not authenticated. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is

what the proponent claims it is." FED. R. EVID. 901(a). This letter is unsigned, there is no accompanying affidavit, and there is nothing in the letter to indicate that Hallmark drafted the letter. There is also no evidence showing that it was sent to Frisco Medical. In her affidavit, Dr. Obey states that "Exhibit 4 is a true and correct copy of the March 18, 2013 letter from Shana Hallmark given to me by Ms. Hallmark in March 20013 [sic]." (Dkt. #77, Ex. B at 33, ¶ 43). This statement is insufficient to show that this document was properly authenticated or establish a foundation for the letter. The Court agrees that this document is unauthenticated, lacks a foundation, and is inadmissible. For these reasons, the Court finds that this letter is stricken from the summary judgment record.

Apart from the letter attached to Dr. Obey's response as Exhibit 4, Dr. Obey provides no evidence that Wooldridge made the alleged statements, that they were defamatory, that they were directed at Dr. Obey, that they were false, or that they caused Dr. Obey any damages. For these reasons, the Court finds that Wooldridge's motion for summary judgment is granted, and Dr. Obey's defamation claim against Wooldridge is dismissed with prejudice.

Further, even if the letter was admissible, Dr. Obey has provided no evidence that the statements made were false and defamatory as to Dr. Obey. "Whether a publication is capable of the defamatory meaning alleged by the plaintiff is a question of law to be determined by the court." *Double Diamond, Inc. v. Van Tyne*, 109 S.W.3d 848, 854 (Tex. App – Dallas, 2003, no pet.) (citing *Turner v. KTRK Television, Inc*., 38 S.W.3d 103, 114 (Tex. 2000)). The alleged defamatory statement must be construed "as a whole, in light of the surrounding circumstances, based upon how a person of ordinary intelligence would perceive it." *Id*. "A statement may be false, abusive, unpleasant or objectionable to the plaintiff and still not be defamatory in light of the surrounding circumstances." *Id*. (citing *Durckel v. St. Joseph Hosp*., 78 S.W.3d 576, 583-84

(Tex. App. – Houston [14th Dist.] 2002, no pet.)). The threshold question is "whether the complained-of statements are reasonably capable of a defamatory meaning." *Id*. (citation omitted).

Hallmark's letter states that after learning that Dr. Obey prescribed her hydrocodone for sciatica and pelvic bone separation during her pregnancy, that Wooldridge told her that "[her] baby would be born 'sloppy and floppy' and that he would have extreme withdrawals and would be in a tremendous amount of pain" (Dkt. #77, Ex. 4 at 79). Hallmark's letter also states that Wooldridge stated it was absurd that Hallmark had taken this medication during her pregnancy and that she couldn't believe that Hallmark did not know that the baby would be born dysfunctional. *Id*. Hallmark reiterated that two separate doctors in two separate pregnancies had prescribed the exact same treatment and medications, to which Wooldridge responded "doctors prescribe these type [sic] of medications all the time and never feel the need to tell patients that it will cause the baby to be born with complications." *Id*. First, the statements made by Wooldridge do not identify Dr. Obey personally. "Statements that neither identify the plaintiff nor set forth any wrongful conduct have no defamatory meaning." *Id*. (citing *Durckel,* 78 S.W.3d at 583). Second, there is no evidence to indicate that the statements made by Wooldridge were false. Wooldridge made these statements as a medical professional discussing the effects that oral narcotic medication would have on a baby. While the statements made to Hallmark may have been alarming or unpleasant, there is no evidence to indicate that the statements made were actually false. "True statements cannot form the basis of a defamation complaint." *Id*. (citing *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995)). Thus, for this additional reason, the Court finds that Wooldridge's motion for summary judgment is granted.

## CONCLUSION

Based on the foregoing, the Court finds that Defendant Colleen Wooldridge, CRNA's Motion for Summary Judgment (Dkt. #61) is hereby **GRANTED**, and Plaintiff's claims in their entirety against Defendant Colleen Wooldridge are **DISMISSED** with prejudice.

**SIGNED this 30th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE