# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SHAWANDA RENEE OBEY, M.D. | § | |
| | § | |
| V. | § | Case No. 4:13-CV-00656 |
| | § | Judge Mazzant |
| FRISCO MEDICAL CENTER L.L.P., d/b/a | § | |
| BAYLOR MEDICAL CENTER AT FRISCO, | § | |
| WILLIAM KEATON individually and | § | |
| officially as CEO of Baylor Medical Center at | § | |
| Frisco, DR. JAMES LAFERNEY individually | § | |
| and officially as Vice President of Medical | § | |
| Affairs of Baylor Medical Center at Frisco, | § | |
| DR. DALE BURLESON individually and | § | |
| officially as representative of Baylor Medical | § | |
| Center at Frisco Medical Executive Committee, | § | |
| DR. KEITH MATHENY individually and | § | |
| officially as representative of Baylor Medical | § | |
| Center at Frisco, KAREN MURCHISON, | § | |
| individually officially as representative of | § | |
| Baylor Medical Center at Frisco, and | § | |
| COLLEEN WOOLDRIDGE, individually | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Frisco Medical Center L.L.P. d/b/a Baylor Medical Center at Frisco, William Keaton, Dr. Jimmy Laferney, Dr. Dale Burleson, Dr. Keith Matheny, and Karen Murchison's Motion for Costs Pursuant to Federal Rule of Civil Procedure 54 (Dkt. #94). Having considered the relevant pleadings, the Court is of the opinion that the motion should be granted in part and denied in part.

### BACKGROUND

On January 30, 2015, this Court entered an order granting Defendants' Motion for Summary Judgment and dismissing Plaintiff's claims with prejudice (Dkt. #90). On February 13, 2015, Defendants filed their Motion for Costs Pursuant to Federal Rule of Civil Procedure 54

1

(Dkt. #94). Plaintiff filed her Objection and Response to Defendants' Bill of Costs on February 24, 2015 (Dkt. #103). On March 9, 2015, Defendants filed a reply (Dkt. #105).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d), costs, other than attorney's fees, should be granted to the prevailing party. Title 28, United States Code, Section 1920, sets forth which costs are taxable. Taxable costs include, among other things, fees for copies and transcripts necessarily obtained for use in the case and fees for witnesses. The party seeking to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991); *Faculty Rights Coal. v. Shahrokhi*, No. H–04–2127, 2005 WL 1924192, at *1 (S.D. Tex. Aug. 10, 2005). The district court has wide discretion to determine whether the prevailing party is entitled to an award of costs for claimed expenses. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998); *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, No. H–01–4242, 2006 WL 734396, at *1 (S.D. Tex. Mar. 22, 2006). In *Crawford*, the Supreme Court went on to hold that a federal court may refuse to tax costs in favor of the prevailing party. *Crawford*, 482 U.S. at 442. A court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citation omitted). The factors to consider in withholding costs include: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.* (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (1998)). The Fifth Circuit went on to note that "every case cited by Wright and Miller for

this proposition denies costs on the basis of *both* the losing party's good faith *and* some other one or more of the factors listed above." *Id.* (italics in original). The Fifth Circuit further stressed that a losing party's good faith alone is insufficient to justify the denial of costs to the prevailing party. *Id.*

## ANALYSIS

Defendants, as prevailing party, contend that they are entitled to costs of $536.70. Plaintiff does not dispute Defendants' status as the prevailing party. Nor does Plaintiff object to Defendants' recovery of costs for deposition transcripts and copies obtained for use in the case totaling $436.70. Instead, Plaintiff's objection to Defendants' motion for costs focuses solely on $100.00 requested by Defendants for the *pro hac vice* admission fees of Defendants' attorney. Plaintiff argues that "such fees should not be recoverable as costs because they are an expense of counsel, not the client" (Dkt. #103 at 2). Defendants counter that the *pro hac vice* admission fees are properly recoverable under Section 1920 because Defendants were "charged for, and paid the fee incurred by their attorney" (Dkt. #105 at 1).

The issue of whether *pro hac vice* fees are properly taxable under Section 1920 as "fees of the clerk" has not been explicitly addressed by the Supreme Court or the Fifth Circuit, and no consensus exists among federal courts as to whether *pro hac vice* fees are recoverable under Section 1920. *See, e.g., Knauff v. Dorel Juvenile Group, Inc.*, No. SA-08-CV-336-XR, 2010 WL 2545424, at *1 (W.D. Tex. June 21, 2010) (collecting cases). However, a "majority of courts have found that they are not." *Smith v. Fresh Cut Floral & Catering, Inc.*, No. 3:07-CV-661-WHB-LRA, 2008 WL 4539630, at *2 (S.D. Miss. Oct. 7, 2008) (collecting cases). This Court agrees with the courts that have found that "such fees are an expense that an attorney pays for the privilege of practicing law in a district and should not be taxed to a plaintiff simply because a

defendant chooses to be represented by counsel not admitted to practice in the district." *Lofton v. McNeil Consumer & Specialty Pharm.*, No. 3:05-CV-1531-L, 2011 WL 206165, at *1 (N.D. Tex. Jan. 4, 2011); *see also Davis v. Perry*, 991 F. Supp. 2d 809, 840 (W.D. Tex. 2014).

*Pro hac vice* fees are not properly recoverable as costs and shall be denied. The remaining $436.70 requested by Defendants' bill of costs, which was not challenged by Plaintiff, shall be awarded as costs.

Based on the foregoing, the Court finds Defendants' motion for costs is hereby granted in part and denied in part.

### CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Costs Pursuant to Federal Rule of Civil Procedure 54 (Dkt. #94) is hereby **GRANTED IN PART** and **DENIED IN PART**

Furthermore, it is **ORDERED** that a total of $436.70 is awarded as costs to Defendants Frisco Medical Center L.L.P. d/b/a Baylor Medical Center at Frisco, William Keaton, Dr. Jimmy Laferney, Dr. Dale Burleson, Dr. Keith Matheny, and Karen Murchison.

**SIGNED this 29th day of April, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE