# United States District Court

## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SHAWANDA RENEE OBEY, M.D. | § | |
| | § | |
| v. | § | Case No. 4:13-CV-00656 |
| | § | Judge Mazzant |
| FRISCO MEDICAL CENTER L.L.P., d/b/a | § | |
| BAYLOR MEDICAL CENTER AT FRISCO, | § | |
| WILLIAM KEATON individually and | § | |
| officially as CEO of Baylor Medical Center at | § | |
| Frisco, DR. JAMES LAFERNEY individually | § | |
| and officially as Vice President of Medical | § | |
| Affairs of Baylor Medical Center at Frisco, | § | |
| DR. DALE BURLESON individually and | § | |
| officially as representative of Baylor Medical | § | |
| Center at Frisco Medical Executive Committee, | § | |
| DR. KEITH MATHENY individually and | § | |
| officially as representative of Baylor Medical | § | |
| Center at Frisco, KAREN MURCHISON, | § | |
| individually officially as representative of | § | |
| Baylor Medical Center at Frisco, and | § | |
| COLLEEN WOOLDRIDGE, individually | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Frisco Medical Center L.L.P. d/b/a Baylor Medical Center at Frisco, William Keaton, Dr. Jimmy Laferney, Dr. Dale Burleson, Dr. Keith Matheny, and Karen Murchison's Motion for Attorney's Fees Pursuant to Federal Rule of Civil Procedure 54 (Dkt. #93). Having considered the relevant pleadings, the Court is of the opinion that this motion should be denied.

## BACKGROUND

On November 11, 2013, Plaintiff filed her initial complaint against Defendants alleging violations of Title 42, United States Code, Section 1981 and tortious interference (Dkt. #1). On January 30, 2015, this Court entered an order granting Defendants' Motion for Summary Judgment and dismissing Plaintiff's claims with prejudice (Dkt. #90). On February 13, 2015,

Defendants filed their Motion for Attorney's Fees Pursuant to Federal Rule of Civil Procedure 54 (Dkt. #93). Plaintiff filed a response on March 1, 2015 (Dkt. #104). On March 12, 2015, Defendants filed a reply. (Dkt. #107).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d), "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." FED. R. CIV. P. 54. Unless otherwise provided by a statute or a court order, a motion for attorney's fees is required to "(i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." *Id*.

Defendants cite to the following two statutes as providing the basis for an award of attorney's fees: Title 42, United States Code, Section 1988 and Title 42, United States Code, Section 11113. Under Section 1988, a court has discretion to grant the prevailing party "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b). Meanwhile, Section 11113 provides that:

> In any suit brought against a defendant, to the extent that a defendant has met the standards set forth under section 11112(a) of this title and the defendant substantially prevails, the court shall, at the conclusion of the action, award to a substantially prevailing party defending against any such claim the cost of the suit attributable to such claim, including a reasonable attorney's fee, if the claim, or the claimant's conduct during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith.

42 U.S.C. § 11113. Section 11112(a) presumes a defendant has met the standards it sets forth "unless the presumption is rebutted by a preponderance of the evidence." 42 U.S.C. § 11112(a).

When this presumption has not been rebutted, Defendants are entitled to reasonable attorney's fees "if the claim, or the claimant's conduct during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith." 42 U.S.C. § 11113.

## ANALYSIS

In granting Defendants' Motion for Summary Judgment, the Court found that Plaintiff could not "satisfy her burden to establish a prima facie case under Section 1981" (Dkt. #90 at 13), and that "Plaintiff's claims for tortious interference with patient and employment contracts are barred by immunity under [the Health Care Quality Improvement Act]" (Dkt. #90 at 18). The Court additionally noted that "[t]he purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Defendants argue that "this litigation, which unnecessarily consumed the Court's and Defendants' resources, was directly and exclusively a byproduct of Plaintiff's legally and factually baseless allegations against Defendants" (Dkt. #93 at 3). In response, Plaintiff argues that the length of time consumed in litigation prior to this Court's granting of summary judgement and the number of hours expended by Defendants' attorneys in defending against Plaintiff's lawsuit are evidence that her claims and conduct during litigation were not frivolous, unreasonable, without foundation, or in bad faith (Dkt. #104 at 4-5). Plaintiff also cites to the arguments she made in support of her claims as additional evidence of the non-frivolity of her positions (Dkt. #104 at 5-6). Specifically, Plaintiff argues that "the fact that the Court ultimately found Plaintiff's evidence lacking in support of her claims does not mean that Plaintiff's claims

were unreasonable or groundless," citing to the fact that the Court "denied Defendants' motion to dismiss Plaintiff's second amended complaint because . . . Plaintiff had stated enough facts to state claims for relief that [were] plausible on the face of the pleading" (Dkt. #104 at 6).

To award attorney's fees to Defendants, the Court must find Plaintiff's suit to be frivolous, groundless, or "so lacking in arguable merit as to be . . . without foundation." *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999) (internal citations omitted). When making this determination, the Court must assess Plaintiff's claim at the time of filing suit and cannot engage in *post hoc* reasoning. *See Holloway v. Walker*, 784 F.2d 1294, 1296 (5th Cir. 1986) (per curiam). In reviewing the merits of the instant suit, the Court finds that Plaintiff's claims consist of complex issues of discrimination and retaliation under both state and federal laws to which Plaintiff provided some evidence to support her claims (Dkt. #53). Even though the Court found that Plaintiff's evidence was insufficient to overcome summary judgment, this finding does not mean that Plaintiff's claims were frivolous or groundless. Additionally, this Court has previously denied Defendants' motion to dismiss by finding that Plaintiff had alleged a sufficient amount of facts in her pleadings to state plausible claims for relief. *See Gil Ramirez Group, LLC v. Houston Indep. Sch. Dist.*, No. 4:10-CV-4872, 2014 WL 4185742 (S.D. Tex. Aug. 15, 2014) (finding that plaintiff's suit was not frivolous, even though all claims were dismissed on summary judgment, because plaintiff's claims survived two motions to dismiss and required hundreds of pages of briefing). Because of this, the Court finds that Plaintiff's claims were not frivolous, groundless, or unreasonable and that Defendants are not entitled to their reasonable attorney's fees under either Section 1988 or Section 11113.

**CONCLUSION**

For the foregoing reasons, it is therefore **ORDERED** that Defendants' Motion for

Attorney's Fees Pursuant to Federal Rule of Civil Procedure 54 (Dkt. #93) is hereby **DENIED**.

**SIGNED this 2nd day of May, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE